# EXHIBIT A

# EXHIBIT A



**Your Missouri Courts**   .net

Search for Cases by: | Select Search Method... ▾ |

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff KATRINAMORGAN

20SL-CC04514 - CINDY TUMLIN-PIPER V UNITED HEALTHCARE SERVI ET
AL (E-CASE)

| Case FV Head | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries:  ◉ Descending   ○ Ascending          Display Options: | All Entries ▾ |

---

03/23/2021  ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-2585, for UNITED HEALTHCARE SERVICES, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 21-SMOS-279, for UNITEDHEALTH GROUP, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

02/15/2021  ☐ **Motion Special Process Server**
Motion for Appointment of Private Process Servers.
**Filed By:** EDWARD EMMETT KEENAN
**On Behalf Of:** CINDY TUMLIN-PIPER

☐ **Summ Req-Circuit Pers Serv**
Request for Summonses.
**Filed By:** EDWARD EMMETT KEENAN

09/02/2020  ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING SERVICE FEES OR SPECIAL PROCESS SERVER FORM. SERVICE FEE = $36.00 PER DEFENDANT WITH A ST. LOUIS COUNTY ADDRESS. PLEASE E-FILE A SERVICE MEMO WITH THE MISSING SERVICE FEES ATTACHED. -NO SUMMONS ISSUED

08/27/2020  ☐ **Filing Info Sheet eFiling**
**Filed By:** EDWARD EMMETT KEENAN

☐ **Note to Clerk eFiling**
**Filed By:** EDWARD EMMETT KEENAN

☐ **Pet Filed in Circuit Ct**
Petition; Exhibit A - Charge of Discrimination.

☐ **Judge Assigned**
DIV 4

---

Case.net Version 5.14.17.6          Return to Top of Page          Released 04/13/2021

**20SL-CC04514**

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CINDY TUMLIN-PIPER,                                )
                                                   )
    c/o Keenan & Bhatia, LLC                      )
    929 Walnut St., Ste. 5107                     )
    Kansas City, MO  64106                        )
                                                   )  Case No. _____
    *Plaintiff,*                                  )
                                                   )
v.                                                 )  Division _____
                                                   )
UNITED HEALTHCARE SERVICES, INC.,                  )
                                                   )  Type: Other Miscellaneous
    Serve:                                        )
    Person in Charge of Office                    )
    13655 Riverport Dr.                           )
    Maryland Heights, MO  63043                   )
                                                   )
    and                                           )
                                                   )
UNITEDHEALTH GROUP, INC.,                          )
                                                   )
    Serve:                                        )
    Person in Charge of Office                    )
    9900 Bren Road East                           )
    Minnetonka, MN 55343                          )
                                                   )
    *Defendants.*                                 )

## PETITION

    Plaintiff Cindy Tumlin-Piper, by and through counsel, states the following on personal knowledge as to her own acts and observations, and on information and belief following reasonable investigation as to all other matters.

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

## PARTIES

1.      Plaintiff Cindy Tumlin-Piper is a citizen of Missouri and an employee within the meaning of the Missouri Human Rights Act and the Missouri Workers' Compensation Law.

2.      Defendant United HealthCare Services, Inc., is a citizen of Minnesota and an employer within the meaning of the Missouri Human Rights Act and the Missouri Workers' Compensation Law.

3.      Defendant UnitedHealth Group, Inc., is a citizen of Minnesota and an employer within the meaning of the Missouri Human Rights Act and the Missouri Workers' Compensation Law.

4.      Defendants operate in tandem with one another and jointly directed Tumlin-Piper's work, such that they were co-employers of Tumlin-Piper and are both liable for the acts set forth here.  They are referred to here together as "UHC."  All acts and allegations as to one are attributable to the other, and "UHC" and "Defendants" are deemed to include both Defendants.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under Mo. Const. art. V, § 14, and RSMo 478.070.  No federal court has subject matter jurisdiction.  The claims here arise under Missouri law, and this action is non-removable because this action raises a claim under the Missouri Workers' Compensation Law, and Congress has categorically precluded the removal of actions raising claims under a workers' compensation law.  Any such removal would subject Defendants to attorney's fees and other relief, as the law

2

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

regarding this is clear.  See 28 U.S.C. § 1445(c); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995); *Phillips v. Ford Motor Co.*, 83 F.3d 235, 236 n.3 (8th Cir. 1996); *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1115 (8th Cir. 1998).

6.      Personal jurisdiction and venue are proper.

## **FACTS**

7.      Plaintiff Cindy Tumlin-Piper spent 12 years working for UHC helping customers find much-needed health care solutions for hardworking people.

8.      She valued her work and the people she helped, and compiled an excellent reputation in the field.

9.      But in 2017, Ms. Tumlin-Piper turned 60 years old.  Soon after, things started to change.

10.      UHC and its executives began undermining Ms. Tumlin-Piper, and directing negative comments to her, to the point of causing her extreme stress.

11.      This stress was work related and was extraordinary and unusual, and did not result from any good-faith action by UHC.

12.      Ms. Tumlin-Piper exercised her right to seek time off to recuperate, taking several days off of work.

13.      UHC was aware of this injury, but only made things worse for Ms. Tumlin-Piper.

14.      Eventually, UHC terminated Ms. Tumlin-Piper.

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

15.     Ms. Tumlin-Piper filed a charge of discrimination with the Missouri Commission on Human Rights, which has completed its administrative process and issued a right-to-sue letter.

16.     Ms. Tumlin-Piper's charge is attached as Exhibit A to this Petition, and is incorporated as if set forth in full here.

17.     Plaintiff reserves the right to amend this case to include any other causes of action arising out of her employment.

## COUNT I

### DISCRIMINATION FOR EXERCISE OF WORKERS' COMPENSATION RIGHTS
### RSMo 287.780

18.     Plaintiff incorporates each and every other paragraph of this Petition as if fully set forth here.

19.     The Missouri Workers' Compensation Law, RSMo Chapter 287, gives employees the right to report on-the-job injuries, and to have time off of work to seek treatment and recuperate from injuries, among other rights.

20.     Defendants were employers, and Plaintiff was an employee, within the meaning of the Workers' Compensation Law.

21.     Plaintiff exercised rights granted by the Workers' Compensation Law in that she took time off work to recuperate from work-related injury, among other measures protected by the Workers' Compensation Law.

22.     Defendants discriminated against Plaintiff in the terms and conditions of her work, ultimately discharging her.

4

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

23.     Plaintiff's protected actions were the motivating factor in Defendants' discriminatory action.

24.     Plaintiff has suffered damages as a result of Defendants' discriminatory conduct.

25.     Defendants acted with reckless disregard for Plaintiff's rights, and/or evil motive, justifying an award of punitive damages.

26.     Plaintiff respectfully prays that this Court adjudge Defendants liable for discrimination for exercise of workers' compensation rights, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT II

### VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### RSMo CHAPTER 213
### AGE DISCRIMINATION

27.     Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

28.     Plaintiff was an employee, and Defendants were employers, within the meaning of the Missouri Human Rights Act.

29.     Defendants discriminated against and ultimately discharged Plaintiff.

30.     Plaintiff's age was a motivating factor in Defendants' adverse actions.

31.     Plaintiff has suffered damages, including but not limited to loss of pay/benefits and emotional distress.

32.     Defendants acted with evil motive and/or in reckless disregard of Plaintiff's rights, justifying an award of punitive damages.

5

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

33.     Plaintiff respectfully prays that this Court adjudge Defendants liable for age discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

### COUNT III

### VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### RSMo CHAPTER 213
### SEX DISCRIMINATION

34.     Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

35.     Plaintiff was an employee, and Defendants were employers, within the meaning of the Missouri Human Rights Act.

36.     Defendants discriminated against Plaintiff in the terms and conditions of her work, ultimately discharging her.

37.     Plaintiff's sex was a motivating factor in Defendants' actions.

38.     Plaintiff has suffered damages, including but not limited to loss of pay/benefits and emotional distress.

39.     Defendants acted with evil motive and/or in reckless disregard of Plaintiff's rights, justifying an award of punitive damages.

40.     Plaintiff respectfully prays that this Court adjudge Defendants liable for sex discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

## COUNT IV

### VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### RSMo CHAPTER 213
### RETALIATION

41.     Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

42.     Plaintiff engaged in protected activity in that she opposed actual and/or reasonably-suspected discriminatory acts.

43.     Defendants thereafter retaliated against Plaintiff by terminating her employment.

44.     Plaintiff's protected activity was a motivating factor in Defendants' actions.

45.     Plaintiff has suffered damages, including but not limited to loss of pay/benefits and emotional distress.

46.     Defendants acted with evil motive and/or in reckless disregard of Plaintiff's rights, justifying an award of punitive damages.

47.     Plaintiff respectfully prays that this Court adjudge Defendants liable for retaliation in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## JURY DEMAND

Ms. Tumlin-Piper respectfully demands a jury trial on all issues so triable.

Electronically Filed - St. Louis County - August 27, 2020 - 11:40 PM

## PRAYER FOR RELIEF

Plaintiff Cindy Tumlin-Piper respectfully prays that this Court grant her the following relief, in an amount that is fair and reasonable and is believed to be in excess of $25,000:

1.      All actual damages, including but not limited to lost pay and benefits and damages for emotional distress;

2.      Punitive damages;

3.      Pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.      Declaratory and injunctive relief, including but not limited to tax adjustments of amounts awarded and deletion of negative personnel references, to make Tumlin-Piper whole and prevent future violations of the law;

5.      The costs of this action;

6.      Reasonable attorney's fees, expenses, and expert fees to the extent permitted by law; and

7.      Any other and further legal and/or equitable relief that this Court deems just and proper.

Dated: August 27, 2020                    Respectfully submitted,

KEENAN & BHATIA, LLC

__/s/ E.E. Keenan & Sonal Bhatia _____
Sonal Bhatia, Mo. Bar No. 67519
Edward (E.E.) Keenan, Mo. Bar No. 62993
929 Walnut St., Ste. 5107
Kansas City, MO  64106

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

Tel:  (816) 809-2100
ee@keenanfirm.com
sonal@keenanfirm.com

*Attorneys for Plaintiff Cindy Tumlin-Piper*

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

**20SL-CC04514**



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
COMMISSION ON HUMAN RIGHTS
**CHARGE OF DISCRIMINATION**

| Enter Charge Number |
| --- |
| ☐ FEPA |
| ☐ EEOC |

*This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.*

### Missouri Commission on Human Rights and EEOC

| Name (Indicate Mr., Ms., or Mrs.)<br>Ms. Cindy TUMLIN-PIPER | Date of Birth<br>11/20/1957 | Home Telephone No. (Include Area Code)<br>314-941-3795 |
| --- | --- | --- |
| Street Address<br>190 Meadows of Wildwood Blvd. | City, State and Zip Code<br>Wildwood, MO 63040 | County<br>St. Louis |

### Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me *(if more than one list below)*.

| Name<br>United HealthCare Services, Inc. | No. of Employees/Members<br>500+ | Telephone No. *(Include Area Code)*<br>800-561-0861 |
| --- | --- | --- |
| Street Address<br>13655 Riverport Dr. | City, State and Zip Code<br>Maryland Heights, MO 63043 | |
| Name<br>UnitedHealth Group, Inc. | No of Employees/Members<br>500+ | Telephone No. *(Include Area Code)*<br>800-328-5979 |
| Street Address<br>P.O. Box 1459 | City, State and Zip Code<br>Minneapolis, MN 55440 | |

| Cause of Discrimination based on *(Check appropriate box(es))* | | | Date Discrimination took Place *(Month, Day, Year)* |
| --- | --- | --- | --- |
| ☐ Race | ☐ Color | ☒ Sex | July 1, 2019 (before/after) |
| ☐ National Origin | ☐ Religion | ☒ Age | |
| ☐ Disability | ☒ Retaliation | ☐ Other *(Specify)* | ☒ Continuing Action |

The Particulars Are *(If additional space is needed, attach extra sheet(s)):*
(continued on next page)
I worked at Respondent UnitedHealthcare ("UHC") starting in May 2007 as a Senior Account Executive in Key Accounts ("KA") department at the Missouri Health plan of UnitedHealthcare's Employer and Individual division. I always received positive performance reviews.  I had never been written up or reprimanded.  In my January 2019 performance review (the last review I received before UHC terminated me) I was even given a merit increase in salary to reward my good work for the company.

At the end of 2018, I turned 61. In my group, the new sales department, I was the only female and the oldest employee. The three other Senior Account Executives in my department were all males who were younger than me. During my last few years at UHC, management made many comments about our aging workforce and employees retiring. They stated they would hire much younger employees to replace them.  Most of UHC's recent hires have been much younger males.

Prior to 2018, Patrick Quinn was my direct supervisor. He was the Vice President of Marketing. During my yearly performance reviews, Mr. Quinn would ask me how much longer I was planning to work at UHC. I felt like Mr. Quinn was signalling to me that he wanted me to retire.

In or about 2017, Patrick Quinn was promoted to Chief Executive Officer. Gloria Sargent, the new Vice President of Sales and Account Management, became my direct supervisor. I recall her voicing similar concerns about the aging workforce and there was concern from Corporate as well. I also recall John Silvestri and Helen "Lin" Servizzi, both Vice Presidents of Account Management, making similar remarks. Mr. Silvestri also made comments about hiring younger employees as others retired and in fact he hired younger males.

| ☒   I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *(When necessary to meet State and Local Requirements)*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| --- | --- |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>X _Cindy Tumlin-Piper_  12/2/2019<br>Charging Party (Signature)         Date | X _____<br>Signature of Complainant<br><br>Subscribed and sworn to before me this date *(Day, month and Year)* |

MCHR-27 (4-99) AI

Electronically Filed - St Louis County - August 27, 2020 - 11:40 PM

In April 2018, Ms. Sargent notified me that my role was changing in a way that would affect my sales bonus earning potential. Prior to 2018, my bonuses averaged about double of my annual base salary. The new change would require me to split all my sales by either 50 or 65 percent and would allow other UHC male Account Executives to encroach on my targets. During this meeting with Ms. Sargent, I pushed back on this change. I told her it would drastically affect my earnings and income. Ms. Sargent replied, "Yeah, well, sorry about that." I am the only female new sales Account Executive and the oldest within our local group (3 males) and I was also nationally the only Account Executive that had to split my sales either 50 or 65 percent depending on the sales opportunity. UHC did not change the pay structure of the three other younger, male  Account Executives at any time in my local group. UHC set my goals higher even though I had this split and my sales were not even credited to me for additional bonus payout. All the younger, male Senior Account Executives in my group received additional bonus payouts. I did not.

On July 1, 2019, Ms. Sargent notified me that UHC was eliminating my position and UHC was terminating me. I do not know of any other employees with my title in the sales department whom UHC terminated. UHC did not terminate any of the three younger, male Account Executives in my department.

I suffered economic and emotional distress damages as a result of UHC's discriminatory actions. I had planned to work for UHC for a significantly longer period of time and as long as I was able, given that I enjoyed the work. UHC provided me with full benefits including medical, prescription drug, dental, life and disability coverage. Being terminated so abruptly was embarrassing and discouraging.

I believe that I was treated in the above manner because of my sex, age, as well as in retaliation for opposing prohibited acts, among other potential reasons.

This charge should be deemed to be notice to all of Respondent's affiliates, officers, and the supervisors who interacted with me. These persons acted directly in each other's interests with respect to my employment and aided, abetted, incited, and/or compelled one another's acts. I am filing this charge individually and on behalf of all persons similarly-situated. Based on information and belief, Respondent has engaged in a pattern and practice of discriminatory and/or retaliatory conduct. This description is a summary of the events highlighting several key points, and I reserve the right to add to or amend my allegations at a later time, including in litigation. What is stated herein is part of an ongoing, continual, and inter-related pattern and series of discriminatory, harassing, hostile-environment, and retaliatory acts.

I am filing this charge without prejudice to any rights I may have under any other laws.

| ☒   I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | X_____ <br> Signature of Complainant |
| X _____   12/2/2019 <br> Charging Party (Signature)              Date | Subscribed and sworn to before me this date (Day, month and Year) |

MCHR-27-2 AI

Electronically Filed - St Louis County - February 15, 2021 - 01:59 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CINDY TUMLIN-PIPER,                                )
                                                   )
    *Plaintiff*,                                )    Case No.:    20SL-CC04514
                                                   )
    v.                                          )
                                                   )    Division:    4
UNITED HEALTHCARE SERVICES,                        )
INC., et al.                                       )
                                                   )
    *Defendants*.                               )

## REQUEST FOR SUMMONSES

Plaintiff respectfully requests that this Court issue its summons to each Defendant,

and for the appointment of the private process servers in the accompanying motion.

Dated: February 15, 2021        Respectfully submitted,

                        KEENAN & BHATIA, LLC

                        ____/s/ E.E. Keenan_____
                        Edward (E.E.) Keenan, Mo. Bar No. 62993
                        Sonal Bhatia, Mo. Bar No. 67519
                        929 Walnut Street, Suite 5107
                        Kansas City, MO  64106
                        Tel:  (816) 809-2100
                        Fax: (816) 817-1386
                        ee@keenanfirm.com
                        sonal@keenanfirm.com

                        *Attorneys for Plaintiff Cindy Tumlin-Piper*

Electronically Filed - St Louis County - February 15, 2021 - 01:59 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Cindy Tumlin-Piper
Plaintiff/Petitioner

February 15, 2021
Date

20SL-CC04514
Case Number

vs.

4 (Judge Dueker)
Division

United Healthcare Services, Inc., et al.
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, by and through undersigned counsel,                                    , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

A.A.A. Process Service, Inc. (Robert A. Anderson + designees)    PO Box 21788, St. Louis, MO  63109-0788       314-351-7979
Name of Process Server                                      Address                                              Telephone

A.A.A. Process Service, Inc. (Brianna R. Anderson + designees)    PO Box 21788, St. Louis, MO  63109-0788       314-351-7979
Name of Process Server                                      Address or in the Alternative                       Telephone

Name of Process Server                                      Address or in the Alternative                       Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                                       SERVE:
United HealthCare Services, Inc.                             UnitedHealth Group, Inc.
Name                                                         Name
13655 RIVERPORT DR                                           9900 BREN ROAD EAST
Address                                                      Address
Maryland Heights, MO  63043                                  Minnetonka, MN  55343
City/State/Zip                                               City/State/Zip

SERVE:                                                       SERVE:

Name                                                         Name

Address                                                      Address

City/State/Zip                                               City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk                            /s/ Edward (E.E.) Keenan
                                                             Signature of Attorney/Plaintiff/Petitioner
                                                             62993
                                                             Bar No.
By _____                               929 Walnut, #5107, KC, MO  64106
     Deputy Clerk                                            Address
                                                             (816) 809-2100
_____                                 Phone No.                        Fax No.
Date

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 15, 2021 - 01:59 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

Cindy Tumlin-Piper
Plaintiff/Petitioner

vs.

United Healthcare Services, Inc., et al.
Defendant/Respondent

February 15, 2021
Date

20SL-CC04514
Case Number

4 (Judge Dueker)
Division

For File Stamp Only

Electronically Filed - St Louis County - February 15, 2021 - 01:59 PM

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, by and through undersigned counsel,                , pursuant
                   Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| A.A.A. Process Service, Inc. (Robert A. Anderson + designees) | PO Box 21788, St. Louis, MO  63109-0788 | 314-351-7979 |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| A.A.A. Process Service, Inc. (Brianna R. Anderson + designees) | PO Box 21788, St. Louis, MO  63109-0788 | 314-351-7979 |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
United HealthCare Services, Inc.
Name
13655 RIVERPORT DR
Address
Maryland Heights, MO  63043
City/State/Zip

SERVE:
UnitedHealth Group, Inc.
Name
9900 BREN ROAD EAST
Address
Minnetonka, MN  55343
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By  **/s/Adam Dockery**
    Deputy Clerk
         3/23/2021
Date

/s/ Edward (E.E.) Keenan
Signature of Attorney/Plaintiff/Petitioner
62993
Bar No.
929 Walnut, #5107, KC, MO  64106
Address
(816) 809-2100
Phone No.                  Fax No.

CCADM62-WS   Rev. 07/19

Electronically Filed - St Louis County - February 15, 2021 - 01:59 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  20SL-CC04514 |
| Plaintiff/Petitioner:<br>CINDY TUMLIN-PIPER | Plaintiff's/Petitioner's Attorney/Address:<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE  200<br>KANSAS CITY, MO  64112 |
| **vs.** Defendant/Respondent:<br>UNITED HEALTHCARE SERVICES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Other Miscellaneous Actions | CLAYTON, MO  63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  UNITEDHEALTH GROUP, INC.
Alias:

PERSON IN CHARGE
9900 BREN ROAD EAST
MINNETONKA, MN  55343

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

23-MAR-2021
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | | | | |
|---|---|---|---|---|
| Summons | $_____ | | | |
| Non Est | $_____ | | | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) | | |
| Total | $_____ | | | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  20SL-CC04514 |
| Plaintiff/Petitioner:<br>CINDY TUMLIN-PIPER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE  200<br>KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br>UNITED HEALTHCARE SERVICES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  UNITED HEALTHCARE SERVICES, INC.
                          Alias:

PERSON IN CHARGE
13655 RIVERPORT DR
MARYLAND HEIGHTS, MO 63043



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**23-MAR-2021**
Date

_____
Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
   Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                  Date                       Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# St. Louis County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri 8:30 a.m. to 5:00 p.m.  FREE PARKING IN ST. ANN

For the convenience of County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center at the Crossings at Northwest Plaza in St. Ann.

**Attending Court Hearings Remotely Using E-Courts**

If you are scheduled to appear in St. Louis County Circuit Court, you can access the courtrooms remotely using the public computer stations (e-Courts) in St. Ann and the main courthouse in Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton e-Court at this time.

**Be sure to bring your paperwork with you. In order to set you up quickly, you will need your case number, as well as the date, time and number of the division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Beginning March 1, 2021, you may file for an Order of Protection at the Adult Abuse Office in the St. Ann satellite court, in addition to the Clayton courthouse. Clerks will be available on-site to provide and file the necessary paperwork. Advocates will be available to assist you with resources and safety planning.

### For more information call: 314-615-8029

