**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CINDY TUMLIN-PIPER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-00477-SRC |
| ) | |
| UNITED HEALTHCARE SERVICES, ) | |
| INC, et al., ) | |
| ) | |
| Defendant(s). ) | |

**Memorandum and Order**

Plaintiff Cindy Tumlin-Piper took a few days off to recuperate from the extreme stress she claims her employer, United Healthcare Services, Inc., and its executives had caused her. At some point after Tumlin-Piper took this time off, United Healthcare terminated her. Tumlin-Piper filed suit in Missouri state court alleging claims under Missouri's Workers' Compensation Law and the Missouri Human Rights Act against United Healthcare Services, Inc. and UnitedHealth Group, Inc. Defendants removed this action to federal court, claiming that Tumlin-Piper fraudulently joined the Missouri Workers' Compensation Law claim—a non-removable claim—to avoid federal jurisdiction. Tumlin-Piper disputes the fraudulent-joinder assertion and moves to remand this case to state court.

**I.      Background**

Tumlin-Piper filed suit against Defendants in the Circuit Court of St. Louis County in August 2020. Doc. 1 at ¶ 1; Doc. 3. She alleges that her employer, United Healthcare, violated multiple Missouri statutes when it terminated her after she took time off for stress caused by United Healthcare. Tumlin-Piper asserts a claim under Missouri's Workers' Compensation Law,

1

Mo. Rev. Stat. § 287.780, as well as age discrimination, sex discrimination, and retaliation claims under the Missouri Human Rights Act.  Mo. Rev. Stat. §§ 213.055; 213.070.

Defendants removed this case to federal court in April 2021.  Doc. 1.  They claim that this Court has subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 1 at ¶¶ 11–22.  Defendants argue that despite Tumlin-Piper's contention that her claim under Missouri's Workers' Compensation Law prevents the removal of this action, this case can be removed because Tumlin-Piper fraudulently joined that claim to defeat removal.  *Id*. at ¶¶ 23-32.  After removing the case to this Court, Defendants filed a Motion to Dismiss or, in the Alternative, to Stay Pending Arbitration.  Doc. 11.

Tumlin-Piper now moves to remand this case back to state court, arguing that her claim under Missouri's Workers' Compensation Law bars the removal of this case.  Docs. 15, 16.  With Defendants having filed an opposition, Doc. 21, and Tumlin-Piper filing a reply, Doc. 27, the motion is now ripe for review.

**II.**   **Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)).  The well-pleaded complaint rule "provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

**III.    Discussion**

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." "28 U.S.C. § 1445(c) prevents removal of cases 'arising under' state worker's compensation law even where there is diversity of citizenship between the parties." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). Under Missouri law, "[a]ny employee who has been discharged or discriminated against [for exercising rights under Missouri's Workers' Compensation Law] shall have a civil action for damages against his or her employer." Mo. Rev. Stat. § 287.780 (2017). The Eighth Circuit has held that "a retaliatory[-]discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri worker's compensation law." *Johnson*, 159 F.3d at 1116 (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995)).

Here, Tumlin-Piper brings a claim under Missouri's Workers' Compensation Law, Mo. Rev. Stat. § 287.780 (2017). United Healthcare does not dispute that a sufficiently-pleaded

3

Missouri Workers' Compensation Law claim cannot be removed. Doc. 21 at p. 3. Rather, it argues Tumlin-Piper fraudulently pleaded that claim to avoid federal jurisdiction. *Id.*

"[I]n the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case[.]" *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918); *see also Farmers' Bank & Tr. Co. of Hardinsburg, Ky., v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 27 (8th Cir. 1928). Based on this principle, Missouri federal courts have found that although 28 U.S.C. § 1445(c) bars the removal of actions containing claims under Missouri's Workers' Compensation Law, an exception to this rule exists when a plaintiff fraudulently pleads an otherwise non-removable claim to avoid federal jurisdiction. *See Dame v. Sw. Bell Tel. Co.*, No. 20-CV-00906-SRB, 2021 WL 67213, at *3 (W.D. Mo. Jan. 7, 2021); *Davis v. Villages of Jackson Creek, LLC*, Case No. 4:19-CV-01011-BCW, Doc. 30 at pp. 6–7 (W.D. Mo. July 6, 2020). To establish fraudulent joinder, a defendant must show that the claim is "so baseless and [intended to deceive] as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court." *Farmers' Bank*, 25 F.2d at 29; *see also White v. Union Pac. R.R. Co.*, No. 4:19-CV-00080-DGK, 2019 WL 3400716, at *1 n.3 (W.D. Mo. July 26, 2019); *Dame*, 2021 WL 67213, at *3.

Missouri's Workers' Compensation Law provides that "[n]o employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under [this chapter] when the exercising of such rights is the motivating factor in the discharge or discrimination." Mo. Rev. Stat. § 287.780) (2017). To state a claim under section 287.780, Tumlin-Piper must plead facts establishing that: (1) she was employed by United Healthcare before the injury; (2) she exercised a right under the Missouri Workers' Compensation Law; (3)

4

Defendants discriminated against or discharged her; and (4) her exercise of rights under the statute was a motivating factor in her termination.  Mo. Rev. Stat. § 287.780 (2017); *Jackson v. Gen. Motors, LLC*, No. 4:18-CV-1243 RLW, 2020 WL 3469334, at *34 (E.D. Mo. June 25, 2020), *appeal dismissed*, No. 20-2585, 2020 WL 8299751 (8th Cir. Sept. 24, 2020) (citations omitted).  Defendants argue that Tumlin-Piper failed to plead any allegations establishing that she exercised a right under the statute and thus failed to adequately allege the second element.  Doc. 21 at p. 6.

Defendants claim that Tumlin-Piper failed to state a claim because she merely alleged that "Defendants were 'aware' of her extreme stress." *Id*. at p. 7.  Defendants contend that to exercise her rights, she needed to allege specific facts demonstrating either "how her employer had notice" or that "she received any medical treatment or was placed on any temporary restrictions at work so as to put [United Healthcare] on notice . . . ." *Id*. at pp. 8–9.  But Missouri courts have found such allegations unnecessary because "receiving medical treatment for a work-related injury, providing notice of such an injury to employer, and 'interim disability from work' are incidents of compensable benefits and amount to the exercise of rights under the Workers' Compensation Law." *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216–17 (Mo. Ct. App. 2014).  In *Demi*, the court found that the plaintiff's allegations that she suffered heatstroke at work, received medical treatment, and stayed home for several days and did not work constituted sufficient evidence that she exercised her rights under the statute.  452 S.W.3d at 217–18.  Additionally, *Davis* found that the plaintiff did not fraudulently join a claim under section 287.780 when she alleged that she gave notice to her employer that she suffered from mental stress due to the work environment.  4:19-cv-01011-BCW, Doc. 30 at p. 5.  Here, Tumlin-Piper alleged that she suffered from mental stress and that United Healthcare "was aware of this

injury." Doc. 3 at ¶ 13.  Based on these allegations, the Court concludes Tumlin-Piper asserts a colorable claim under Missouri's Workers' Compensation Law.

Defendants also note that to recover under Missouri's Workers' Compensation Law, "a claimant must demonstrate 'by objective standards and actual events' the amount of work stress was both 'work related and was extraordinary and unusual.'" *Mantia v. Missouri Dep't of Transportation*, 529 S.W.3d 804, 809 (Mo. 2017) (quoting Mo. Rev. Stat. § 287.120.8). Consequently, Defendants argue that "[a] plaintiff must not only plead facts that she has been exposed to work-related stress and that it caused a mental injury, she must also plead facts establishing that a reasonable person in the same or similar position exposed to similar events would also have extraordinary and unusual stress." Doc. 21 at p. 8.

As explained in *Mantia*, "[s]ection 287.120.8 provides the framework for determining when a mental injury is compensable under [Missouri's Workers' Compensation Law]."  529 S.W.3d at 808.  After clarifying that "the objective standard for determining whether [the] [e]mployee's stress was compensable is whether the same or similar actual work events would cause a reasonable highway worker extraordinary and unusual stress[,]" *Mantia* provided ways "[s]uch evidence might be introduced." *Id*. at 809.  *Mantia* thus indicates that any determination regarding whether Tumlin-Piper's injury may be compensable comes at the evidentiary stage, not at the pleading stage.  Moreover, Defendants provide no authority supporting that this determination may be made at the pleading stage.  And even assuming the Court could determine at the pleading stage whether the mental injury at issue met the objective standard necessary to recover under Missouri's Workers' Compensation Law, Defendants have failed to provide any authority establishing that Tumlin-Piper's claim would be subject to dismissal.  As a result, the Court cannot conclude that Tumlin-Piper's claim is "so baseless and [intended to deceive] as to

6

constitute a fraudulent attempt to defeat the jurisdiction of the federal court." *Farmers' Bank*, 25 F.2d at 29; *compare with White*, 2019 WL 3400716, at *2 (denying motion to remand when plaintiff asserted claim against a prospective employer but Missouri's Workers' Compensation Law "provides for no cause of action against a prospective employer").

For the reasons stated above, Defendants have not shown that Tumlin-Piper's claim under Missouri's Workers' Compensation Law has been fraudulently joined.  Thus, pursuant to 28 U.S.C. 1445(c), the action cannot be removed to Federal Court.  Additionally, because Defendants removed this case based solely on diversity jurisdiction—not federal question—the Missouri Workers' Compensation Law claim cannot be severed and remanded backed to state court pursuant to 28 U.S.C. § 1441(c).  Nor do Defendants argue that the claim should be severed pursuant to 28 U.S.C. § 1441(c).  Accordingly, the Court grants Tumlin-Piper's [15] Motion to Remand.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 30th day of July 2021.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**